UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RUTH ANN ESTEP<br>15308 Blue Willow Lane<br>Accokeek, Maryland 20607 | : : : : : | |
| Plaintiff | : : | |
| v. | : : | Case No. |
| UNITED STATES GOVERNMENT<br>ACCOUNTABILITY OFFICE<br>Serve: Joan Hollenbach, Esquire<br>441 G Street, N.W.<br>Washington, D.C. 20548 | : : : : : : | Desk Type: Civil General |
| ALSO SERVE: | : : | |
| DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530-0001 | : : : : | |
| and | : : | |
| UNITED STATES OF AMERICA<br>Roscoe C. Howard, Jr. Esq.<br>United States Attorney for the District of<br> Columbia<br>555 4th Street, NW.<br>Room 5806<br>Washington, DC 20001 | : : : : : : : : | |
| and | : : | |
| LAL CHAND BHALLA<br>3402 Taylor Street<br>Brentwood, Maryland 20722 | : : : : | |
| Defendants | : | |

## **COMPLAINT**

TO THE HONORABLE, THE JUDGES OF SAID COURT:

COMES NOW the Plaintiff, Ruth Ann Estep, by and through her attorney, Alan J. Lander, and hereby amends this action against the Defendant, the United States Government

Accountability Office, United States of America and Lal Chand Bhalla, and in support states as follows:

## COUNT I

1. That jurisdiction is founded in 28 U.S.C. ss1346(b) (1994).

2. That Plaintiff, Ruth Ann Estep, is an adult citizen of the United States and a resident of Prince George's County, Maryland.

3. That the United States Government Accountability Office is an executive agency of the United States Government. The United States Government Accountability Office was placed on proper notice on March 29, 2005. The claim was denied on February 21, 2006.

4. That on or about March 2, 2004, the Plaintiff, Ruth Ann Estep, was a passenger in a vehicle operating on 2nd and H Streets, N.W., in Washington, in the District of Columbia. At all times herein, Plaintiff was a passenger and acted in a lawful and prudent manner and the vehicle she was a passenger in had the right-of-way.

5. At the same time, Lal Chand Bhalla, was operating a vehicle on 2nd and H Streets, N.W., in the District of Columbia, when he failed to yield the right of way and proceeded into the intersection causing a collision with plaintiff's vehicle, and severely injuring Plaintiff.

6. That it was then and there the duty of Defendant, Lal Chand Bhalla, to use due care to watch where he was driving, to maintain a proper lookout, to obey the traffic laws and rules of the road, to maintain a proper speed for the conditions present, to reduce speed to avoid the accident, to maintain control of his vehicle, to pay full time and attention, to stop his vehicle in order to avoid a collision, and to yield the right of way, particularly with regard to Plaintiff, Ruth Ann Estep.

7. That the Defendant, Lal Chand Bhalla, then and there breached that duty of due care by failing to watch where he was driving, failing to maintain a proper lookout, failing to

obey the traffic laws and rules of the road, failing to maintain a proper speed for the conditions present, failing to reduce speed to avoid an accident, failing to control his vehicle, failing to pay full time and attention, failing to yield the right of way, failing to use due care, particularly when he struck the Plaintiff's vehicle.  At no time was the Plaintiff contributorily negligent and she had no opportunity to avoid the accident.

8.      That said negligence on the part of the Defendant, Lal Chand Bhalla, was the actual and proximate cause of the collision.  The said collision was the actual and proximate cause of the injuries and damages that occurred to Plaintiff, Ruth Ann Estep, on the date aforesaid.

9.      That as a direct and proximate result of the negligence of the agent/employee of the Defendant, Plaintiff has suffered and will continue to suffer in the future severe physical injuries and mental anguish.  Additionally, Plaintiff has expended and will continue to expend in the future vast sums for medical care and treatments, medicines, nursing service, physical therapy and other protracted medical-related attention.  Further, the Plaintiff has lost extensive wages and will continue to lose such wages in the future and thus presents a claim for past and future earnings loss and loss of earning capacity.  Plaintiff is unable to perform her normal household duties and thus presents a claim for loss of home services.  Finally, the Plaintiff incurred property damage.  All the above damages were directly and proximately caused by the aforementioned negligence of the agent/employee of the Defendant and were incurred without contributory negligence on the part of the Plaintiff or an opportunity for the Plaintiff to avoid the collision.

WHEREFORE, the Plaintiff, Ruth Ann Estep, demands judgment against the Defendant, Lal Chand Bhalla, in the amount of Two Hundred Thousand Dollars ($200,000.00) plus costs.

**COUNT II**

The facts and allegations as more fully set forth in Count I of this Complaint are hereby incorporated as if fully set forth herein and it is further alleged:

1. That on or about March 2, 2004, the Plaintiff, Ruth Ann Estep, was a passenger in a vehicle operating on 2nd and H Streets, N.W., in Washington, in the District of Columbia. At all times herein, Plaintiff was a passenger and acted in a lawful and prudent manner and the vehicle she was a passenger in had the right-of-way.

2. At the same time, Lal Chand Bhalla, acting as an employee-agent of the Defendant, the United States Government Accountability Office, was operating a vehicle on 2nd and H Streets, N.W., in the District of Columbia, when he failed to yield the right of way and proceeded into the intersection causing a collision with plaintiff's vehicle, and severely injuring Plaintiff.

3. That it was then and there the duty of Defendant, Lal Chand Bhalla, as an employee-agent of the Defendant, the United States Government Accountability Office, to use due care to watch where he was driving, to maintain a proper lookout, to obey the traffic laws and rules of the road, to maintain a proper speed for the conditions present, to reduce speed to avoid the accident, to maintain control of his vehicle, to pay full time and attention, to stop his vehicle in order to avoid a collision, and to yield the right of way, particularly with regard to Plaintiff, Ruth Ann Estep.

4. That the Defendant, Lal Chand Bhalla, as employee/agent of the Defendant, United States Government Accountability Office, then and there breached that duty of due care by failing to watch where he was driving, failing to maintain a proper lookout, failing to obey the traffic laws and rules of the road, failing to maintain a proper speed for the conditions present, failing to reduce speed to avoid an accident, failing to control his vehicle, failing to pay full time and attention, failing to yield the right of way, failing to use due care, particularly

when he struck the Plaintiff's vehicle.  At no time was the Plaintiff contributorily negligent and she had no opportunity to avoid the accident.

     5.     That said negligence on the part of the Defendant, Lal Chand Bhalla, as employee/agent of the Defendant, United States Government Accountability Office, was the actual and proximate cause of the collision.  The said collision was the actual and proximate cause of the injuries and damages that occurred to Plaintiff, Ruth Ann Estep, on the date aforesaid.

     6.     That as a direct and proximate result of the negligence of the agent/employee of the Defendant, Plaintiff has suffered and will continue to suffer in the future severe physical injuries and mental anguish.  Additionally, Plaintiff has expended and will continue to expend in the future vast sums for medical care and treatments, medicines, nursing service, physical therapy and other protracted medical-related attention.  Further, the Plaintiff has lost extensive wages and will continue to lose such wages in the future and thus presents a claim for past and future earnings loss and loss of earning capacity.  Plaintiff is unable to perform her normal household duties and thus presents a claim for loss of home services.  Finally, the Plaintiff incurred property damage.  All the above damages were directly and proximately caused by the aforementioned negligence of the agent/employee of the Defendant and were incurred without contributory negligence on the part of the Plaintiff or an opportunity for the Plaintiff to avoid the collision.

     WHEREFORE, the Plaintiff, Ruth Ann Estep, demands judgment against the Defendant, United States Government Accountability Office, in the amount of Two Hundred Thousand Dollars ($200,000.00) plus costs.

## COUNT III

The facts and allegations as more fully set forth in Counts I and II of this Complaint are hereby incorporated as if fully set forth herein and it is further alleged:

1. That on or about March 2, 2004, the Plaintiff, Ruth Ann Estep, was a passenger in a vehicle operating on 2nd and H Streets, N.W., in Washington, in the District of Columbia. At all times herein, Plaintiff was a passenger and acted in a lawful and prudent manner and the vehicle she was a passenger in had the right-of-way.

2. At the same time, Lal Chand Bhalla, acting as an employee-agent of the Defendant, the United States of America, was operating a vehicle on 2nd and H Streets, N.W., in the District of Columbia, when he failed to yield the right of way and proceeded into the intersection causing a collision with plaintiff's vehicle, and severely injuring Plaintiff.

3. That it was then and there the duty of Defendant, Lal Chand Bhalla, as an employee-agent of the Defendant, the United States of America, to use due care to watch where he was driving, to maintain a proper lookout, to obey the traffic laws and rules of the road, to maintain a proper speed for the conditions present, to reduce speed to avoid the accident, to maintain control of his vehicle, to pay full time and attention, to stop his vehicle in order to avoid a collision, and to yield the right of way, particularly with regard to Plaintiff, Ruth Ann Estep.

4. That the Defendant, Lal Chand Bhalla, as employee/agent of the Defendant, United States of America, then and there breached that duty of due care by failing to watch where he was driving, failing to maintain a proper lookout, failing to obey the traffic laws and rules of the road, failing to maintain a proper speed for the conditions present, failing to reduce speed to avoid an accident, failing to control his vehicle, failing to pay full time and attention, failing to yield the right of way, failing to use due care, particularly when he struck the

Plaintiff's vehicle. At no time was the Plaintiff contributorily negligent and she had no opportunity to avoid the accident.

      5.      That said negligence on the part of the Defendant, Lal Chand Bhalla, as employee/agent of the Defendant, United States of America, was the actual and proximate cause of the collision. The said collision was the actual and proximate cause of the injuries and damages that occurred to Plaintiff, Ruth Ann Estep, on the date aforesaid.

      6.      That as a direct and proximate result of the negligence of the agent/employee of the Defendant, Plaintiff has suffered and will continue to suffer in the future severe physical injuries and mental anguish. Additionally, Plaintiff has expended and will continue to expend in the future vast sums for medical care and treatments, medicines, nursing service, physical therapy and other protracted medical-related attention. Further, the Plaintiff has lost extensive wages and will continue to lose such wages in the future and thus presents a claim for past and future earnings loss and loss of earning capacity. Plaintiff is unable to perform her normal household duties and thus presents a claim for loss of home services. Finally, the Plaintiff incurred property damage. All the above damages were directly and proximately caused by the aforementioned negligence of the agent/employee of the Defendant and were incurred without contributory negligence on the part of the Plaintiff or an opportunity for the Plaintiff to avoid the collision.

      WHEREFORE, the Plaintiff, Ruth Ann Estep, demands judgment against the Defendant, United States of America, in the amount of Two Hundred Thousand Dollars ($200,000.00) plus costs.

8

                Respectfully submitted,

_____
Alan J. Lander, #973604
1900 L Street, N.W.
Suite 505
Washington, DC 20036
Attorney for Plaintiff

Case 1:06-cv-01442-EGS    Document 1    Filed 08/17/2006    Page 8 of 10

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RUTH ANN ESTEP<br>15308 Blue Willow Lane<br>Accokeek, Maryland 20607 | : <br>:<br>:<br>:<br>: | |
| Plaintiff | :<br>: | |
| v. | :<br>: | Case No. |
| UNITED STATES GOVERNMENT<br>ACCOUNTABILITY OFFICE<br>Serve:  Joan Hollenbach, Esquire<br>441 G Street, N.W.<br>Washington, D.C. 20548 | :<br>:<br>:<br>:<br>:<br>: | Desk Type:  Civil General |
| ALSO SERVE: | :<br>: | |
| DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530-0001 | :<br>:<br>:<br>: | |
| and | :<br>: | |
| UNITED STATES OF AMERICA<br>Roscoe C. Howard, Jr. Esq.<br>United States Attorney for the District of<br> Columbia<br>555 4th Street, NW.<br>Room 5806<br>Washington, DC 20001 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | |
| and | :<br>: | |
| LAL CHAND BHALLA<br>3402 Taylor Street<br>Brentwood, Maryland 20722 | :<br>:<br>:<br>: | |
| Defendants | : | |

## REQUEST FOR JURY TRIAL

Plaintiffs, by counsel, Alan J. Lander, hereby request a trial by jury for the above-captioned matter.

9

        Respectfully submitted,

_____
Alan J. Lander, #973604
1900 L Street, N.W.
Suite 505
Washington, DC 20036
202-466-3111
Attorney for Plaintiff