**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| RUTH ANN ESTEP | ) |
|  | ) |
|       Plaintiff, | ) |
|  | ) |
|   v. | ) Civil Action No. 06-1442 (EGS) |
|  | ) |
| UNITED STATES GOVERNMENT | ) |
| ACCOUNTABILITY OFFICE, et al. | ) |
|  | ) |
|       Defendants. | ) |

## ANSWER

### First Defense

The Court lacks subject matter jurisdiction over Defendants Lal Chand Bhalla and the Government Accountability Office. The only proper defendant under the Federal Tort Claims Act is the United States. 28 U.S.C. § 2679(a), (b)(1).

### Second Defense

Plaintiff is not entitled to a jury trial under the Federal Tort Claims Act.

### Third Defense

The injuries complained of by the plaintiff were caused either in whole, or in part, by the negligence of the driver of the vehicle in which the plaintiff was a passenger.

### Fourth Defense

The defendants respond to the numbered paragraphs of the complaint as follows:

## Count I

1.   The first paragraph contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed to be required, they are denied.

2.   The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in the second paragraph.  Therefore they are denied.

3.   The first sentence is admitted.  The defendants admit that GAO received a letter from Ms. Estep's attorney dated March 29, 2005, including Standard Form 95, a traffic accident report from the Metropolitan Police Department, and supporting medicals and specials.  The third sentence is admitted.  Any conclusions of law or characterizations of their actions is denied.

4.   The first sentence is admitted.  The defendants admit that at all relevant times plaintiff was a passenger in the other vehicle; the remainder of the second sentence contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed to be required, it is denied.

5.   This paragraph is denied, except to admit that at the time, Lal Chand Bhalla was operating a vehicle on 2nd and H Streets, N.W., in the District of Columbia, when he proceeded into the intersection colliding with plaintiff's vehicle.

6.   This paragraph contains conclusions of law to which no answer is required, but insofar as an answer may be deemed

required, the defendants deny that defendant Bhalla breach of duty owed to the plaintiff.

    7.    Denied.

    8.    Denied.

    9.    Denied.

### COUNT II

The defendants incorporate by reference herein their responses to the individual paragraphs contained in Count I.

    1.    The first sentence is admitted. The second sentence is admitted insofar as it alleges that plaintiff was a passenger in the vehicle; the remainder of the second sentence contains conclusions of law to which no answer is required, but insofar as an answer may be deemed required, they are denied.

    2.    Denied, except to admit that Lal Chand Bhalla, acting as an employee-agent of the Defendant, the United States Government Accountability Office, was operating a vehicle on 2nd and H Streets, N.W., in the District of Columbia, when his vehicle collided with plaintiff's vehicle.

    3.    This paragraph contains conclusions of law to which no answer is required. To the extent an answer is deemed required, they are denied.

    4.    The defendants admit that defendant Bhalla was an employee of GAO, but deny the remaining allegations.

    5.    Denied.

    6.    Denied.

**COUNT III**

The defendants incorporate by reference herein its responses to the individual paragraphs contained in Counts I and II.

    1.    The first sentence is admitted.  The defendants admit that plaintiff was a passenger in the vehicle; the remainder of the second sentence contains conclusions of law to which no answer is required, but insofar as an answer may be deemed required, they are denied.

    2.    Denied, except to admit that Lal Chand Bhalla, acting as an employee-agent of the Defendant, the United States of America, was operating a vehicle on 2nd and H Streets, N.W., in the District of Columbia, which proceeded into the intersection and collided with the vehicle in which plaintiff was a passenger.

    3.    This paragraph contains conclusions of law to which no answer is required, but insofar as an answer may be deemed required, they are denied.  The defendants deny that they breached any duty owed to the plaintiff.

    4.    The defendants admit that the defendant Bhalla was an employee of GAO acting within the scope of his employment, but deny the remaining allegations of this paragraph.

    5.    The defendants admit that defendant Bhalla was an employee of GAO acting within the scope of his employment at the time of the accident, but the remaining allegations are denied.

    6.    Denied.

The defendants deny each and every allegation of the

complaint not specifically admitted.

The defendants deny that plaintiff is entitled to the relief sought in her prayers for relief in Counts I, II, and III or to any relief whatsoever.

Wherefore, it is respectfully requested that the Complaint be dismissed and that the Court grant such other relief as it deems appropriate.

                Respectfully submitted,

                __/s/_____
                JEFFREY A. TAYLOR, D.C. BAR # 498610
                United States Attorney

                __/s/_____
                RUDOLPH CONTRERAS, D.C. BAR # 434122
                Assistant United States Attorney

                __/s/_____
                DIANE M. SULLIVAN, D. C. BAR # 12765
                Assistant United States Attorney
                Judiciary Center Building
                555 Fourth Street, N.W.
                Room E4919
                Washington, D.C. 20530
                (202) 514-7205