UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RUTH ANN ESTEP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1442 (EGS) |
| | ) | |
| UNITED STATES GOVERNMENT ACCOUNTABILITY OFFICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On August 17, 2006, plaintiff Ruth Ann Estep filed a complaint against the United States Government Accountability Office ("GAO"), the United States, and Lal Chand Bhalla based on the alleged negligence of Bhalla during an automobile accident involving the plaintiff.  On November 20, 2006, the defendants filed a motion to dismiss all of the defendants and substitute the United States as the sole defendant.

This Court's local rules state that "[w]ithin 11 days of the date of service or at such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion [or] the court may treat the motion as conceded."  Local Civil Rule 7(b).  The plaintiff, who is represented by counsel, has not filed a response to the defendants' motion.  Defendants' motion could be granted solely on the basis of plaintiff's failure to respond.  However, the Court also finds that the defendants are correct on the merits.

Plaintiff alleges that this Court has jurisdiction over this case under 28 U.S.C. § 1346(b). The Federal Tort Claims Act ("FTCA") provides that the remedy against the United States provided by Section 1346(b) for an injury arising from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his employment is exclusive of any other civil action for money damages arising out of the same subject matter. 28 U.S.C. § 2679(b)(1). If the Attorney General certifies that the defendant employee was acting within the scope of his employment at the time of the incident from which the claims arose, any action commenced shall be deemed an action against the United States and the United States "shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1).[1]

The Chief of the Civil Division from the Office of the United States Attorney for the District of Columbia has filed a certification in this case indicating that defendant Bhalla was acting within the scope of his employment at the time of the alleged incident. Therefore, the United States must be substituted as the sole defendant in this case. *See Vanover v. Hantman*, 77 F. Supp. 2d 91, 97 (D.D.C. 1999) ("Upon certification, the United States is substituted as the sole defendant and any tort claim against the individual arising out

---

[1] The Attorney General has delegated certification authority to the United States Attorneys. *See* 28 U.S.C. § 510; 28 C.F.R. § 15.3; *Vanover v. Hantman*, 77 F. Supp. 2d 91, 97 (D.D.C. 1999).

of the same 'subject matter' is precluded."). Accordingly, it is hereby

**ORDERED** that the defendants' unopposed Motion to Dismiss and to Substitute is **GRANTED**; and it is

**FURTHER ORDERED** that defendants United States Government Accountability Office and Lal Chand Bhalla are dismissed from this case; and it is

**FURTHER ORDERED** that the United States shall remain as the sole defendant in this case.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan
            United States District Judge
            January 30, 2007**