IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUTH ANN ESTEP ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1442 (EGS) |
| ) | |
| UNITED STATES GOVERNMENT ) | |
| ACCOUNTABILITY OFFICE, et al. ) | |
| ) | |
| Defendants. ) | |

## STIPULATION OF SETTLEMENT AND VOLUNTARY DISMISSAL

Plaintiff Ruth Ann Estep and the United States, hereby stipulate and agree to settle and compromise the above-captioned action under the Federal Tort Claims Act, 28 U.S.C. § 2677 on the terms and conditions set forth in this Stipulation of Settlement and Voluntary Dismissal [Stipulation] and that, subject to the following terms, plaintiff's claims against the defendant in this case shall be dismissed with prejudice:

1. The defendant agrees to pay a lump sum of seventeen thousand dollars ($17,000) to plaintiff, Ruth Ann Estep, and her attorney, Alan J. Lander. Payment of this amount shall be made by electronic transfer of funds to an account specified by plaintiff and her attorney.

2. Payment of the settlement amount will made by government wire transfer as per the following information provided by plaintiff and plaintiff's counsel: account name, account number, ABA routing number, the name of the Bank and the

address of the Bank. In addition, plaintiff and plaintiff's counsel shall provide plaintiff's counsel's tax I.D. number (or social security number), plaintiff's social security number and date of birth.

3. This Stipulation shall represent the full and complete satisfaction of plaintiff's claims arising from the accident which occurred on March 2, 2004 and the allegations set forth in the complaint or which could have been raised in this action, including (but not limited to) any and all alleged injuries and damages, foreseen or unforeseen arising from the accident on March 2, 2004. The settlement also includes, without limitation, full and complete satisfaction of plaintiff's claims, injuries, and damages that have been, or could have been made in this case and the consequences thereof.

4. By this settlement, plaintiff waives, releases and abandons any and all claims, whether asserted or unasserted, against the defendant, its agents, servants or employees, that arose out of the accident on March 2, 2004. Such waived, released, and abandoned claims include, but are not limited to, the above-styled litigation and any other complaints arising from any and all known and unknown, foreseen and unforeseen events causing alleged personal and bodily injury and the consequences thereof resulting from the subject matter giving rise to the complaint including, but not limited to, plaintiffs' claim for medical expenses, pain and suffering, attorney's fees, costs,

interest or other compensation for delay. It is understood that any and all attorney fees owed by plaintiff will be paid by plaintiff in accordance with 28 U.S.C. § 2678 and shall not exceed twenty-five percent (25%) of the amount of the settlement.

5. The plaintiff agrees to dismiss with prejudice all claims against the defendant arising out of the accident which occurred on March 2, 2007 and which is the subject of this complaint and to execute any other documents neccessary to effectuate such dismissal.

6. The parties agree that this Stipulation constitutes the entire agreement between them and each warrants that they enter into this Stipulation freely.

7. Execution of this Stipulation shall not constitute a finding by the Court or an admission by the defendant that the defendant, its agents, servants, or employees breached a duty owed to the plaintiff as alleged in the complaint and it is specifically denied that they are liable to the plaintiff. This settlement is entered into by all parties for the purpose of compromising a claim under the Federal Tort Claim Act and avoiding the expenses and risks of further litigating.

8. This settlement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

9. Execution of this Stipulation by plaintiff and counsel shall constitute a dismissal of this action with prejudice,

pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, except that the Court shall retain jurisdiction to resolve a claim of noncompliance with the terms of this Stipulation.

10. A signed facsimile of this Stipulation shall be as valid as an original.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have stipulated and agreed to the foregoing as of the 25th day of October, 2007.

Respectfully Submitted,

_____
RUTH ANN ESTEP
Plaintiff

_____
ALAN J. LANDER
D.C. Bar # 973604
1900 I. Street, N.W.
Suite 505
Washington, D.C. 20019
(202) 466-3111

Attorney for Plaintiff

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____
DIANE M. SULLIVAN, D.C. Bar #12765
Assistant United States Attorney
555 4TH St., N.W.,
Civil Division
Washington, D.C. 20530
(202) 514-7205

Attorneys for Defendant

So Ordered, this _____ day of _____ 2007.

_____
UNITED STATES DISTRICT JUDGE